IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HARRIS CAMPBELL,
    Plaintiff,

vs.                                              Case No: 3:15cv466/MCR/EMT

FRIEND OF THE COURT and
BARBARA J. FRIZZELL,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed in forma pauperis (ECF No. 2). Upon review of Plaintiff's complaint, the court concludes that this case must be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted).

Plaintiff names two Defendants in this action, an agency of the State of Michigan titled the "Friend of the Court" (FOTC), which helps facilitate court operations in matters of domestic relations, and Barbara Frizzell, Plaintiff's ex-wife, who obtained a divorce from Plaintiff in the State of Michigan. Plaintiff alleges that the FOTC has deemed him a "dead beat dad" and is taking money out of his Social Security check to pay for child support arrearages that are owed to the state and to the FOTC (ECF Nos. 1 at 3; 1-1 at 7). Because of changing circumstances, Defendant Frizzell, who lives in Michigan, agreed to send their only child to live with Plaintiff in Pensacola, Florida. In March of 2015, Plaintiff filed a motion in Michigan state court for the garnishment of his Social Security checks to cease, but the motion was denied because an arrearage in the amount of $1204.95 still remained to be paid. (ECF No. 1-1 at 7). In the instant action, Plaintiff seeks as relief the return of all the payments he was forced to make since the time when he obtained custody of their child (ECF No. 1 at 4).

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v.

Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983).

The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)).

In Staley v. Ledbetter, the Eleventh Circuit held that the Rooker-Feldman doctrine deprived the district court of jurisdiction over a plaintiff's section 1983 claim in which she requested "reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violation of the Equal Protection and Due Process Clauses. 837 F.2d 1016, 1017 (11th Cir. 1988). The

Circuit Court stated that the plaintiff "in essence sought to reverse a state court's child custody determination" and held that:

> [N]o federal subject matter jurisdiction existed in this case. In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions.

*Id.* at 1017–18.

Proper application of the Rooker-Feldman doctrine was recently clarified by the United States Supreme Court. The Court stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered).

In the instant case, Plaintiff filed his motion in state court, it was fully reviewed, and the motion was denied. Plaintiff, through the complaint he has filed in this court, essentially seeks to have the Michigan state court's decision overturned and its money judgment reversed. This is the very sort of situation that the Rooker-Feldman doctrine was designed to eliminate. Thus, the complaint should be dismissed under the doctrine for lack of jurisdiction.

Page 5 of 6

Moreover, even if the Rooker-Feldman doctrine were found not to apply, Plaintiff's complaint would be subject to dismissal under the long-standing position that federal courts should not assume jurisdiction over cases that require them to determine issues of divorce, alimony, or child custody, which are properly left to the state courts. Ankenbrandt v. Richards, 504 U.S. 689, 701–02, 112 S. Ct. 2206, 2216, 119 L. Ed. 2d 468 (1992) (explaining that the domestic relations exception to cases involving diversity jurisdiction was intended to keep federal courts from hearing cases that "seek the granting or modification of a divorce or alimony decree"); Ingram v. Hayes, 866 F.2d 368 (11th Cir. 1988). Thus, under this doctrine, a party cannot seek in federal court a relitigation or review of a state court's determination of parental custody rights. Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545–46 (11th Cir. 1990). While there may be an exception to this rule of abstention, it does not apply to cases where: "(1) there is a strong state interest in domestic relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested." Wall v. Stone, 135 F.3d 1438, 1441 (11th Cir. 1998) (citing Ingram, 866 F.2d at 370). Where the relief that is sought is simply to consider the propriety of an element of the state court's divorce decree, federal courts must abstain. Ingram, 866 F.2d at 370. In fact, the court in Ingram decided an issue synonymous with the one at bar, holding that it

was proper to dismiss a claim for child support arrearages that would have required the district court to review an order of the state court that purged those arrearages. *Id.*

Because Plaintiff similarly asks the court in the instant case to review the Michigan state court's decision on his arrearage payments, the court should not assume jurisdiction over this matter of state domestic relations law.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 25th day of January 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**